### FARIS et al. v. BUTLER.

(Supreme Court, Appellate Term, Second Department. May 29, 1912.)

LANDLORD AND TENANT (§ 208*)—RENT—EXCHANGE OF PREMISES.

> Where defendant agreed to exchange apartments with another tenant, but the exchange was not approved by his landlord, defendant was liable for the rent of the apartment on which he had a lease and was not entitled to credit for payments of rent by the tenant with whom he had exchanged and which the landlord applied on such tenant's original lease.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 737, 821–831; Dec. Dig. § 208.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by William D. Faris and another against Walter C. Butler. From a judgment in their favor, but for less than they claimed, plaintiffs appeal. Reversed and remanded.

Argued May term, 1912, before KELLY, JAYCOX. and CLARK, JJ.

Martin B. Faris, of Brooklyn, for appellants.
Ferguson & Peavey, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Plaintiffs owned an apartment house. Defendant was a tenant of an apartment under a written lease expiring September 30, 1911, at $35 a month. One Bostick was a tenant of another apartment in the same building at a rental of $28 a month. Defendant claims that prior to June 1st he arranged with Bostick for an exchange of apartments; Bostick to take defendant's $35 apartment, while defendant took Bostick's $28 apartment.

It may be that defendant and Bostick entered into the agreement, and it was proved that Bostick moved into the defendant's apartment, although defendant never occupied Bostick's apartment. But plaintiffs never agreed to release the defendant from the liability under his original lease at $35 a month, or to release Bostick from his obligations. The superintendent of the building testified that they might exchange apartments as between themselves, if they saw fit; but he insisted on the rentals payable in the leases from the tenants therein mentioned. When Bostick sent in $35 for rent in June, the superintendent notified him that his rent was $28, and credited him with $7 on the July rent; and accordingly in July Bostick only paid $21. In August and September Bostick also paid $28, the rent of his original apartment. As matter of fact, Butler, the defendant, never occupied the $28 apartment and never paid any rent for it.

Defendant claims that he has the right to have the $28 a month paid by Bostick applied on his liability for $35 rent, and the learned trial justice has sustained the contention, and has given judgment against Butler for $28, viz., $7 a month for four months. If this is right, then the plaintiffs must follow Bostick for the rent of the original Bostick apartment. Butler has not paid it.

The trouble with the judgment is that it is based on the theory that plaintiffs, the landlords, were in some way bound by the trading of the leases between Bostick and Butler. There is no evidence to sustain this contention. Bostick remained liable on his lease, and continued to pay the rent at $28 per month. Butler continued liable on his lease, and was liable for $35 per month, none of which has been paid.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.